Thomas J. Polis, Esq. - SBN 119326
**POLIS & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041
E-Mail: tom@polis-law.com

General Counsel for Karl T. Anderson,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

| | |
|---|---|
| In re<br><br>William Luther Wine,<br><br>      Debtor. | Case No. 6:14-bk-22762-MW<br><br>Chapter 7<br><br>NOTICE OF MOTION AND MOTION FOR ORDER DISALLOWING DEBTOR'S CLAIMED EXEMPTION PURSUANT TO 11 U.S.C. 541 AND 542; AND DECLARATION IN SUPPORT THEREOF<br><br>Hearing:<br>Date: June 9, 2015<br>Time: 2:00 p.m.<br>Ctrm: 225<br>    US Bankruptcy Court<br>    3420 Twelfth Street<br>    Riverside, CA 92501 |

**TO THE HONORABLE MARK WALLACE, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE, SANTA ANA DIVISION; THE DEBTOR'S CREDITORS; AND OTHER PARTIES ENTITLED TO NOTICE:**

**PLEASE TAKE NOTICE** that Karl T. Anderson, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of *In re William Luther Wine* ("Debtor"), submits this *Notice of Motion and Motion for Order Disallowing Debtor's Claimed Exemption Pursuant to 11 U.S.C. 541 and 542* (the "Motion"). As detailed herein and supported by competent admissible evidence, the Chapter 7 Trustee respectfully requests the Court grant the *Motion* based on the following pursuant to the 2014 U.S. Supreme Court case of *Clark et ux. v. Rameker* et al., 573 U.S. ___

(2014), that the Debtor's asserted exemption in the inherited IRA be denied in its entirety.

**PLEASE TAKE FURTHER NOTICE**, objections, if any, to the Chapter 7 Trustee's *Motion* shall be filed with the Clerk of the above-captioned Court and served on Chapter 7 Trustee's counsel Thomas J. Polis, Esq., of Polis & Associates, a Professional Law Corporation on or before fourteen (14) calendar days prior to the above-captioned hearing date.

**PLEASE TAKE FURTHER NOTICE** that if no timely opposition to Chapter 7 Trustee's *Motion* is filed and served as provided herein, such non-opposition will be deemed as consent to all of the relief requested herein.

**DATED: April 23, 2015**            **POLIS & ASSOCIATES,**
                                     **A PROFESSIONAL LAW CORPORATION**


                         **By:**    **/s/ Thomas J. Polis**
                                    **Thomas J. Polis, Esq.**
                                    **General Counsel for Karl T. Anderson,**
                                    **Chapter 7 Trustee**

**I.**

**INTRODUCTION**

The U.S. Supreme Court decided that this Debtor's attempt to exempt his interest in an inherited IRA, valued at nearly $1,000,000, is not exempt. Until recently, the law regarding inherited "IRA's" was inconsistent. However, the U.S. Supreme Court in *Clark et ux. v. Rameker, Trustee et al*. 573 U.S. ____, 187 L. Ed. 2d 157 (2014), held that inherited IRA's are not "retirement funds" within the meaning of Section 522 (b)(3)(C).

Notwithstanding, when the Debtor filed for Chapter 7 bankruptcy, he sought to exclude $994,777.58 in an inherited individual retirement pension from the bankruptcy estate. He scheduled his interest in the pension as exempt pursuant to Code of Civil Procedure Section ("CCP") 704.115(a)(1) & (2), (b). Moreover, the Debtor has openly admitted and has produced evidence that undisputably shows he inherited the pension at issue subsequent to the death of his domestic partner in 2010. As a result, and by way of *Motion*, the Trustee is requesting that this Court properly disallow $994,777.58 of the Debtor's claimed personal property retirement exemption.

**II.**

**BACKGROUND FACTS**

On or about October 15, 2014, the Debtor filled the instant bankruptcy case ("Petition Date"). The Debtor's Schedules list many items as personal property. For example: (1) Wells Fargo checking in the amount of $100; (2) Misc. Household Items valued at $1,500.00; (3) Misc Items of Clothing valued at $500; (4) Term Life Insurance; (5) Rolex Watch in the amount of $1,000.00; (6) a Honda Accord Coupe valued at $10,400.00; and (7) interest in the Pension valued at $994,777.58. Attached to the Declaration of Karl Anderson as Exhibit "A" is a true and correct copy of the Debtor's Schedule B.

The facts underlying the inherited IRA at issue are particularly relevant to this *Motion*. The Debtor's, deceased spouse/domestic partner, Philip Romero, established a 401k retirement account with AT&T (formerly SBC and Pacific Bell) from 1976 until his retirement in 2009. The Debtor was the named beneficiary on the IRA Account Application. A true and correct copy of

the Debtor's Marriage Certificate is attached to the Anderson Declaration as Exhibit "B." A true and correct copy of the IRA Account Application designating the Debtor, William Wine as 100% beneficiary of that account is attached to the Anderson Declaration as Exhibit "C." The Debtor received distributions from the inherited IRA in 2011, 2012 and 2013. True and correct copies of 1099-R forms reflecting the Debtor's distributions are attached to the Anderson Declaration as Exhibit "D." The Debtor asserted that his interest in the inherited pension in the amount of $998,777.58 is exempt pursuant to CCP 704.115(a)(1)&(2)(b). Attached to the Anderson Declaration as Exhibit "E" is a true and correct copy of the Debtor's Schedule C. As argued below, current case law most notably, the U.S. Supreme Court's case of *Clark v. Rameker* is such that the Debtor's interest in the "inherited retirement account" cannot be deemed exempt.

### III.

### ARGUMENT

**A.    THE OBJECTION HAS BEEN TIMELY FILED AS REQUIRED UNDER FEDERAL RULES OF BANKRUPTCY**

Federal Rule of Bankruptcy Procedure 4003(b) provides that:

> "[a] party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under Section 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." (Emphasis added.)

Fed.R. Bankr.P. 4003(b). The Debtor's 341(a) meeting was concluded on March 27, 2015, the Trustee has until and including April 27, 2015 to file a motion for order re an objection to Debtor's exemptions, and therefore this *Motion* has been timely filed.

**B.    DEBTOR'S INTEREST IN THE INHERITED PENSION IS NOT EXEMPT AND CANNOT BE ALLOWED**

**1.    The Trustee's Evidence Rebuts The Presumption That The Exception Is Valid**

It is well settled that an exemption is "presumptively valid", and the objecting party has the burden of producing enough evidence to rebut that presumption. *Carter v. Anderson (In Re Carter),* 182 F. 3d 1027, 1029 n.3 (9th Cir. 1999). The objecting party must present sufficient evidence to overcome the debtor's claim of exemption by a preponderance of the evidence through an examination of the totality of the circumstances. *Tyner v. Nicholson (In re Nicholson)*, 435 B.R. 622, 634 (B.A.P. 9th Cir 2010).

In this case, the question of whether funds contained in Debtor's inherited individual retirement account, qualify as "retirement funds" within the meaning of the Bankruptcy Code and 11 U.S.C. § 522(b)(3)(c) has already been decided. In 2014, the U.S. Supreme Court held that the inherited funds held in an individual retirement account are not exempt. *Clark et ux. v. Rameker, Trustee et al.* 573 U.S. \_\_\_\_ (2014). Therefore, as argued below, because the law and facts support instant *Motion*, the Trustee, as the objecting party, will be able to establish that he has satisfied his burden and produced more than sufficient evidence to rebut the presumption.

**2.    The Debtor's Individual Retirement Account Does Not Qualify As Retirement Funds**

When an individual debtor files for bankruptcy protection, his "legal or equitable interest …in property" became part of the bankruptcy estate. *Clark*, 573 citing to §541 (a)(1). To help the debtor obtain a fresh start, the Bankruptcy Code allows debtors to exempt from the estate limited interest in certain kinds of property. *Id.* citing to *Rousey v. Jacoway,* 544 U.S. 320, 325 (2005). In this case, the Debtor is seeking to protect "retirement funds to the extent those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408(A), 414, 457 or 501 (a) of the Internal Revenue Code." §§522(b)(C)(d)(12). However, after careful examination of the facts and law, the Debtor's inherited retirement funds are not those meant to be protected under the Bankruptcy Code.

The ordinary meaning of "retirement funds" is properly understood to be sums of money set aside when an individual stops working. *Clark*, 573 U.S. at 5. The Internal Revenue Code covers many types of accounts including traditional, IRS's, Roth IRA's and Inherited IRA's. An inherited IRA is a traditional or Roth IRA that has been inherited after its owner's death. *See* Title 28, §§408(d)(3)(C)(ii), 408(A). As in this case, the heir is the owner's spouse, the spouse has a choice: roll the IRA funds into his or her own IRA, or keep the IRA as an inherited IRA. But, inherited IRAs do not operate like ordinary IRAs.

Unlike with a traditional IRA or Roth IRA, an individual may withdraw funds from an inherited IRA at any time, without paying a tax penalty. Title 28, §72(t)(2)(A)(ii). Contrarily, a withdrawal from a traditional IRA or Roth IRA prior to the age of 59 ½ triggers a 10% tax penalty

subject to narrow exceptions. This penalty is meant to encourage individuals to leave such funds until retirement age. There is no such similar limit on debtor or other holders of an inherited IRA. Likewise, the U.S. Supreme Court in *Clark* noted, that "funds held in inherited IRAs accordingly constitute 'a pot of money that can be freely used for current consumption' 714 F. 3d., at 561, not funds objectively set aside for one's retirement." *Clark, U.S.* 573 at 6 (2014). Allowing that kind of exemption would controvert the Bankruptcy Code's purposes of preserving debtors' ability to meet their basic needs and ensuring that they have a fresh start, *Rousey*, 544 U.S. at 325, into a "free pass," *Schwab*, 560 U.S., at 791. The Supreme Court declined to read the retirement funds provision in that regard. *Clark*, 573 U.S., at 7.

Another distinction between traditional and inherited IRAs is that the owner of an inherited IRA not only may, but must withdraw its funds. *See* Title 28, §408(a)(6), 401(a)(9)(B); 26 CFR §1-408-8 (2013). Again, if the Debtor in this case is allowed to exempt his inherited IRA from his bankruptcy estate, nothing about the inherited IRA's legal characteristics would prevent him from withdrawing the entire balance of the account at any time – and for any purpose without penalty. Finally, the U.S. Supreme Court in *Clark* noted that unlike with a traditional IRA or Roth IRA, the owner of an inherited IRA may never make contributions to the account. *Clark et ux. v. Rameker*, 573 U.S. citing to 26 U.S.C. § 219(d)(4).

The court in *Clark* noted that, the three legal characteristics of inherited IRA's discussed above provide <u>objective evidence</u> that they do not contain such funds. As a result, the Supreme Court held that its interpretation that inherited IRA's are not exempt was consistent with the purpose of the Bankruptcy Code's exemption provisions, which effectuate a careful balance between the creditor's interest in recovering assets and the debtor's interest in protecting essential needs. That court opined that, "[A]llowing debtors to protect funds in traditional and Roth IRAs ensures that debtors will be able to meet their basic needs during their retirement years." *Clark*, 573 U.S., at 1. But, by contrast, "nothing about an inherited IRA's legal characteristics prevent or discourage an individual from using the entire balance immediately after bankruptcy for purposes of current consumption." *Clark*, 573 U.S., at 2. Like the Debtors in *Clark*, here, there is evidence that the Debtor has received substantial distributions from the

inherited IRA account. Regardless, the law provides that Debtor's inherited IRA is not exempt. The Trustee's *Motion* should be granted.

### III.

### **CONCLUSION**

As argued herein, the issue of whether this or any Debtor's inherited IRA is exempt has previously been decided by the highest court in the land. Therefore, the Trustee respectfully submits that the law and facts surrounding the Debtor's inherited IRA support that the Trustee's *Motion to Disallow Debtor's Claimed Exemption* as to his inherited IRA should be granted.

**DATED: April 23, 2015**                                        **POLIS & ASSOCIATES, APLC**

                                                     **By:**        **/s/ Thomas J. Polis**
                                                              **Thomas J. Polis, Esq.**
                                                              **General Counsel for Karl T. Anderson,**
                                                              **Chapter 7 Trustee**

## DECLARATION OF KARL T. ANDERSON

I, Karl T. Anderson, declare as follows:

1. I am the duly appointed permanent Chapter 7 Trustee to administer the bankruptcy of the bankruptcy estate of *In re William Luther Wine*, Case No. 6:14-bk-22762-MW. I make this declaration in support of my *Motion for Order Disallowing Debtor's Claimed Exemption Pursuant to 11 U.S.C. 541 and 542.* If compelled to do so, I would be able to testify to the following factual statements under the penalty of perjury of the laws of the United States of America.

2. On October 15, 2014, the Debtor filed his Voluntary Petition under Chapter 7 of the Bankruptcy Code before the above-captioned Court. Soon thereafter, I was appointed the interim Trustee, then the permanent Chapter 7 Trustee to administer the Debtor's bankruptcy estate.

3. On January 20, 2015, the Debtor sent a written statement to my counsel, that was offered as additional information to explain the inherited 401k retirement fund that is the subject of this motion. A true and correct copy of that correspondence is attached hereto as Exhibit "A".

4. The January 20, 2015 correspondence included other documents, for example: a wedding certificate; the Debtor's spouse's death certificate; IRA application naming the Debtor as sole beneficiary and certain tax forms. A true and correct copy of the Debtor's Marriage Certificate is attached here as Exhibit "B." A true and correct copy of the IRA Account Application designating the Debtor, William Wine as 100% beneficiary of that account is attached here as Exhibit "C." True and correct copies of 1099-R forms reflecting the Debtor's distributions from the inherited IRA are attached as Exhibit "D."

5. Attached here as Exhibit "E" is a true and correct copy of the Debtor's Schedule C.

6. Attached as Exhibit "F" is a true and correct copy of the Debtor's Schedule B.

///

///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Irvine, California on this 23rd day of April, 2015

                                                            **/s/ Karl T. Anderson**
                                                               **Karl T. Anderson**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**POLIS & ASSOCIATES**
**A Professional Law Corporation**
**19800 MacArthur Boulevard, Suite 1000**
**Irvine, California  92612-2433**

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND MOTION FOR ORDER DISALLOWING DEBTOR'S CLAIMED EXEMPTION PURSUANT TO 11 U.S.C. 541 AND 542; AND DECLARATION IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 23, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Karl T Anderson (TR) -  edansie@hotmail.com, kanderson@ecf.epiqsystems.com
- Neil R Hedtke  -  hedtkelg@gmail.com, hedtkeecf@gmail.com
- United States Trustee (RS) -  ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY U.S. MAIL:**
On **April 23, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

- United States Bankruptcy Court, Central District of California, Honorable Mark Wallace, US Bankruptcy Court, 411 West Fourth Street, Suite 6135, Santa Ana, CA 92701
- William Luther Wine, 22241 Nisqually Road, Space 91, Apple Valley, CA 92308-5744

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed*.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 23, 2015 | Cristina L. Allen | /s/ Cristina L. Allen |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                                **F 9013-3.1.PROOF.SERVICE**